United States District Court
Southern District of Texas
**ENTERED**
April 19, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| TIERRA DE LOS LAGOS, LLC, | § § | |
| Plaintiff. | § § | |
| V. | § § | CIVIL ACTION NO. 3:21-cv-00298 |
| PONTCHARTRAIN PARTNERS, LLC, | § § § § | |
| Defendant. | § | |

## ORDER AND OPINION

Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand") and Pontchartrain Partners, LLC ("Pontchartrain") are construction companies involved in a breach-of-contract dispute. Presently before me is Bee Sand's request that I strike Pontchartrain's affirmative defenses. *See* Dkt. 28.

## BACKGROUND

On September 3, 2021, Bee Sand sued Pontchartrain in Texas state court. Pontchartrain removed the case to federal court on October 21, 2021. Of note, Pontchartrain did not file an answer in state court before removal.

On November 8, 2021, Pontchartrain asked me to dismiss this matter, transfer it to the Eastern District of Louisiana, or stay the case. The reason: a virtually identical lawsuit between the parties was pending in the Eastern District of Louisiana. The parties eventually agreed to take no further action in this matter until the conclusion of the Louisiana matter.

On April 19, 2022, a district judge in the Eastern District of Louisiana dismissed the Louisiana case, concluding that the proper forum for the parties' dispute was the Southern District of Texas.[1] Soon after, I put in place a docket control order to govern the proceedings. That docket control order set a June 1,

---

[1] The Fifth Circuit eventually affirmed the district court's ruling. *See Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603 (5th Cir. 2022).

2022 deadline to amend pleadings; a February 3, 2023 discovery deadline; and a May 1, 2023 docket call. *See* Dkt. 16. Trial is set for June/July 2023.

On March 15, 2023, Pontchartrain filed its answer. *See* Dkt. 26. This is the first answer filed by Pontchartrain in this matter—either in state court or federal court. It came more than a month *after* the expiration of the discovery period. The answer contains eight separate paragraphs listing a multitude of affirmative defenses. Included among the affirmative defenses are failure to mitigate, set off and/or recoupment, waiver, release, unclean hands, accord and satisfaction, failure of consideration, failure to satisfy conditions precedent, mistake, and the expiration of any applicable limitations period(s). *See id.* at 4–5.

Within a week of Pontchartrain's answer appearing on the docket, Bee Sand filed a motion asking me to strike Pontchartrain's affirmative defenses because its answer was late-filed. Bee Sands expressly states that it "is not seeking a default judgment and is not seeking to strike Pontchartrain's denials of Bee Sand's allegations, only the affirmative defenses for which no discovery was conducted or could have been anticipated." Dkt. 28 at 3 n.2.

## ANALYSIS

Federal Rule of Civil Procedure "81(c)(2) specifically provides the timeline for a party's filing an answer or similar document asserting its defenses if it did not already do so in state court prior to removal." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021). Rule 81(c)(2) provides, in pertinent part:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
>> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>>
>> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>>
>> (C) 7 days after the notice of removal is filed.

FED. R. CIV. P. 81(c)(2). Under this rule, Pontchartrain's answer (or a motion presenting defenses available under the Federal Rules) was due in federal court on October 28, 2021—seven days after the notice of removal was filed. It is undisputed that Pontchartrain did not file an answer or its equivalent within the required period.

"With some exceptions that are not pertinent to this case, Federal Rule of Civil Procedure 6(b) permits a district court to extend the various timelines set forth in the Federal Rules of Civil Procedure." *Nelson*, 17 F.4th at 524. Rule 6(b)(1) provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(1). Stated differently, "[i]f done prior to the expiration of the time limit at issue, a court may extend the period for any reason, upon a party's motion or even on its own initiative." *Nelson*, 17 F.4th at 524 (citing FED. R. CIV. P. 6(b)(1)(A)). "However, once a time limit has run, [that time limit] may be extended only upon a party's motion and only if the court finds that 'the party failed to act because of excusable neglect.'" *Id.* (quoting FED. R. CIV. P. 6(b)(1)(B)).

Because Pontchartrain's answer was filed out of time, it is not within my discretion under Rule 6(b)(1)(A) to extend the answer date. I also cannot extend Pontchartrain's answer date under Rule 6(b)(1)(B) because Pontchartrain never filed a motion seeking to extend the time to file an answer. Filing a motion asking me to extend a time limit as a result of excusable neglect is a prerequisite for the application of Rule 6(b)(1)(B). *See* FED. R. CIV. P. 6(b)(1)(B) (noting that a district court may extend a time limit "on motion made after the time has expired if the party failed to act because of excusable neglect"). For whatever reason,

3

Pontchartrain filed its answer roughly 18 months after it was due without even bothering to file a short motion asking me to extend its answer date.

Despite Pontchartrain's failure to file the required motion seeking to extend the answer date, I will go ahead and consider whether Pontchartrain has met the excusable neglect standard. The Supreme Court has noted that "inadvertence, ignorance of the rules, or mistakes construing the rules usually do not constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Nevertheless, "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (quotation omitted). A district court's determination as to excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These considerations include, but are not limited to, "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

This case does not present the sort of extraordinary circumstances that warrant a finding of excusable neglect. Although Pontchartrain never explains why it failed in the fall of 2021 to file a timely responsive pleading, it is safe to assume that counsel simply made a mistake, as many of us often do. This inadvertent failure to timely file the answer is not compelling and was certainly within the reasonable control of Pontchartrain. But my inquiry does not end there. I am required to go further and consider all relevant circumstances surrounding Pontchartrain's omission. *See id.*

Pontchartrain contends that even though it never listed its affirmative defenses in a formal answer until just recently, Bee Sands has been aware of those affirmative defenses from the very beginning of this litigation. To support its position, Pontchartrain directs me to the Motion to Dismiss, Transfer, or Stay that

4

it filed in November 2021. Pontchartrain claims that that motion "outlined the same defenses set forth in the affirmative defenses" described in the March 2023 answer. Dkt. 29 at 2. That is not true. Pontchartrain's Motion to Dismiss, Transfer, or Stay simply quotes the Louisiana lawsuit's allegation that although Pontchartrain and Bee Sand "entered into an agreement for the delivery and/or trucking of clay fill based on" a $100 per load price, "Bee Sand submitted invoices for transporting clay fill at an increased rate of $120 per load," a price never agreed to by Pontchartrain. Dkt. 4 at 2–3. Nowhere in the record is there any indication that Bee Sand was on notice that Pontchartrain intended to assert the affirmative defenses of failure to mitigate, set off, recoupment, waiver, release, unclean hands, accord and satisfaction, failure of consideration, failure to satisfy conditions precedent, mistake, and limitations. Yet, all those affirmative defenses make an appearance in Pontchartrain's March 2023 answer.

The Federal Rules of Civil Procedure specifically require "a defendant to state affirmative defenses in its responsive pleading." *Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017) (citing FED. R. CIV. P. 8(c)(1)). The purpose of this rule is to prevent unfair surprise by giving a plaintiff fair notice of each and every defense a defendant intends to raise. *See id.* ("Rule 8(c)'s purpose is to give the plaintiff fair notice."); *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) ("Central to requiring the pleading of affirmative defenses is the prevention of unfair surprise."). In simple terms, "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham*, 808 F.2d at 1079 (quoting *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92 (5th Cir.1973)).

"Allowing [Pontchartrain] to file an answer that include[s] affirmative defenses [three months before trial], long after the dispositive motion and other deadlines have passed in this case, undoubtedly would result in surprise and undue prejudice to" Bee Sand. *Fed. Home Loan Mortg. Corp. v. Gilbert*, No. 2:14-cv-02509, 2015 WL 10818658, at *8 (W.D. Tenn. June 10, 2015). Although the Fifth

Circuit has held that a failure to plead an affirmative defense is not fatal where the defense is raised "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced" in its ability to respond, that is certainly not the situation here. *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 611 (5th Cir. 2007). Permitting Pontchartrain to assert a laundry list of affirmative defenses for the first time at this late date would require discovery to be re-opened and would unnecessarily delay the proceedings, including the trial date scheduled for this summer. "It is unfair to have expected [Bee Sand] to conjure up [Pontchartrain's] defenses and move to dismiss them or to make [Pontchartrain] aware that [it] had not asserted any." *Gilbert*, 2015 WL 10818658, at *8.

Simply stated, Pontchartrain has failed to satisfy the excusable neglect standard.

## CONCLUSION

For the reasons noted above, Bee Sand's Motion to Strike Defendant's Answer and Affirmative Defenses to Plaintiff's Original Petition (Dkt. 28) is **GRANTED**. I will not extend Pontchartrain's answer date as prescribed by the Federal Rules. Accordingly, the affirmative defenses contained within Pontchartrain's Answer and Affirmative Defenses (Dkt. 26) are stricken.

SIGNED this 19th day of April 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE