**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| TIERRA DE LOS LAGOS, LLC d/b/a BEE SAND COMPANY, § § § | |
| Plaintiff. § | |
| § | CIVIL ACTION NO. 3:21-cv-00298 |
| V. § § | |
| PONTCHARTRAIN PARTNERS, LLC, § § § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before me is a Motion for Summary Judgment filed by Defendant Pontchartrain Partners, LLC ("Pontchartrain"). *See* Dkt. 30. Pontchartrain seeks summary judgment on all claims asserted by Plaintiff Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand"). Those claims include: (1) breach of contract, (2) sworn account, (3) quantum meruit, (4) misapplication of trust funds, and (5) attorney's fees.

On the breach of contract claim, the crux of Pontchartrain's argument is that there never was an agreement in place for Pontchartrain to pay Bee Sand $120 per load for the delivery of clay fill. Pontchartrain contends that it agreed to pay Bee Sand $100 per load, and not a penny more. Bee Sand disagrees, claiming that Pontchartrain agreed to the $120 per load price tag by continuing to request and accept Bee Sand's services and materials after Pontchartrain became aware that Bee Sand intended to increase the per load price. At this stage of the proceedings, it is not my job to undertake a deep dive, analyze the facts, and determine who is right or wrong. My inquiry is limited to whether there is a genuine issue of material fact that precludes the entry of summary judgment. *See* FED. R. CIV. P. 56(a). "The question of whether an agreement was reached is generally a fact question where, as here, the existence of the agreement is disputed." *Crest Ridge Constr. Grp., Inc.*

*v. Newcourt Inc.*, 78 F.3d 146, 153 (5th Cir. 1996) (Benavides, J., concurring). Because I believe there is a genuine issue of material fact, I think it is appropriate to let the jury hear the evidence at trial and determine whether there was, in fact, a meeting of the minds for a price at $120 per load. Similarly, summary judgment is inappropriate on the sworn account claim because there is a factual dispute as to whether the $120 per load price was charged pursuant to an express agreement. Because the breach of contract and sworn account claims live to see another day, the attorney's fee claim predicated on an underlying agreement for $120 per load also survives summary judgment.

The quantum meruit claim is simply pled as an alternative to the breach of contract claim. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) ("A party generally cannot recover under *quantum meruit* when there is a valid contract covering the services or materials furnished. . . . A party to a contract may, however, seek alternative relief under both contract and quasi-contract theories."). Accordingly, the quantum meruit claim should also withstand summary judgment.

As far as the misapplication of trust funds claim is concerned, Bee Sand's live pleading asserts three separate violations. First, Bee Sand claims that Pontchartrain "acted with intent to defraud by retaining, using, disbursing or diverting trust funds" in violation of Texas Property Code § 162.003. Dkt. 1-2 at 7. Second, Bee Sand contends that Pontchartrain "fail[ed] to establish and maintain a construction account as required by Section 162.006 of the Texas Property Code." *Id*. Third, Bee Sand avers that Pontchartrain "fail[ed] to maintain an account record as required by Section 162.007 of the Texas Property Code." *Id*. Pontchartrain moves for summary judgment on only the second theory of liability, arguing that § 162.006 is inapplicable. Section 162.006(a) provides that: "A contractor who enters into a written contract with a property owner to construct improvements to a residential homestead for an amount exceeding $5,000 shall deposit the trust funds in a construction account in a financial institution." TEX.

PROP. CODE § 162.006(a). It is undisputed that the work Bee Sand performed in delivering clay fill had nothing whatsoever to do with "improvements to a residential homestead." *Id.* As a result, the § 162.006(a) claim must be dismissed. Because Pontchartrain did not even address the other misapplication of trust fund claims (§§ 162.003 and 162.007), they remain part of this case.

To summarize, Pontchartrain's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Bee Sand's § 162.006(a) claim is dismissed. All other claims survive summary judgment.

Trial will commence at 9 a.m. on Monday, August 28, 2023. A Joint Pretrial Order containing exhibit lists, motions in limine, witness lists, and proposed jury charges should be filed by Friday, August 11, 2023. A pretrial conference will be held via Zoom on Wednesday, August 16 at 8:30 a.m.

SIGNED this 30th day of May 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE